1841.

FOLSOM
v.
BLAKE.

---

FOLSOM and another v. BLAKE.

---

Where a note, prior to the act of the 15th May, 1837, was tainted with usury and afterwards renewed from time to time, but no fresh usury occurred, the original taint was kept upon it and brought it within such statute and no offer to pay was necessary to be made in the bill.

A bill for usury, under the act of the 15th May, 1837, will not be sustained unless there are special grounds for coming into chancery.

---

*January* 5, 1841.

*Usury.*

THIS cause came up on bill and demurrer.

The bill showed that on the twenty-third day of June, one

thousand eight hundred and thirty-six, George Folsom, one of the complainants, borrowed of the defendant, Stephen M. Blake, two hundred dollars for four months; and gave his note, with the endorsement of the other defendant, Charles J. Folsom, for two hundred and fifteen dollars. That on the twenty-sixth day of October, one thousand eight hundred and thirty-six, it was renewed for two hundred and twenty-two dollars and fifty cents at three months; and on the fourth of January, one thousand eight hundred and thirty-seven, it was renewed again for two hundred and forty-five dollars. On the eighth day of October, one thousand eight hundred and thirty-nine, it was once more renewed for two hundred and eighty-six dollars and seventy-six cents, for six months; and then an action at law was commenced. The complainants filed their bill to be relieved from the suit, and to have the note given up to be cancelled.

General demurrer interposed.

Mr. *Charles Sherwood*, in support of it. He contended that this case was governed by the usury laws as laid down in the revised statutes and the decisions under that statute and not by the sessions law of 1837, (chap. 430,) because the demands on which the usury was charged and on which this suit was founded were all made prior to the operation of such sessions law.

Mr. *G. K. Osborn*, for the complainants.

THE VICE-CHANCELLOR :—There was no unlawful interest or usury charged on the renewal of the note for two hundred and forty-five dollars when it was increased to two hundred and eighty-six dollars and seventy-six cents; the difference of forty-one dollars and seventy-six cents is less than the lawful interest on two hundred and forty-five dollars from the fourth of July, one thousand eight hundred and thirty-seven to the eleventh day of April, one thousand eight hundred and forty; being the time of the forbearance alleged in the bill. The note for two hundred and eighty-six dollars and seventy-six cents, dated the eighth of October, one thousand eight hundred and thirty-nine, at six months, is the one now in existence on

1841.

FOLSOM
*v.*
BLAKE.

*June* 8.

which the suit at law is brought and which the bill seeks to get up. If we are not to look beyond this note, there is no usury in the case. But this note had its origin in a loan of two hundred dollars on the twenty-third day of June, one thousand eight hundred and thirty-six, for which a note was then given for two hundred and fifteen dollars at four months; and which, by subsequent renewals down to the fourth day of January, one thousand eight hundred and thirty-seven, had increased, by the addition of interest, to two hundred and forty-five dollars; in this addition to the amount would consist the usury.

Now, if there had been no further note given and the note of the fourth of January, one thousand eight hundred and thirty-seven had remained as evidence of the defendant's demand, the case would not have come within the act of May 15, 1837, so as to entitle the complainant to file a bill, without offering to pay the principal borrowed; but the previous excessive interest is carried forward and included in the note of the eighth of October, one thousand eight hundred and thirty-nine and by that means the latter note is tainted and subjected to the condemnation of the law of 1837, which authorizes the filing of a bill without an offer to pay either principal or interest. And the bill in this cause, in its present form, is not demurrable on account of that omission.

Still, it is not a matter of course, in all cases under this statute, to come into this court for discovery or relief. A discovery of the usury can be had on the trial at law by examining the plaintiff as a witness: § 2 of the statute; and a defeat of the action on a note or bond will, in general, put an end to all further claim upon it.

If discovery or relief is sought in this court, the bill should contain some special grounds for coming here, such as are pointed out or adverted to by the Chancellor in *Perrine* v. *Striker*, 7 Paige's C. R. 598. No special reasons are shown by this bill why the complainants cannot examine the defendant (the plaintiff in the suit at law) as a witness on the trial there or why a verdict and judgment in the court of law in favor of the defendants will not be a perfect protection against any further suit on the note. It does not appear that there is any

danger or threat of negociating the note any further or passing it away to a third person to be sued in a new action.

I consider, therefore, that the demurrer must be allowed and the bill be dismissed, with costs ; but with leave to the complainants to amend their bill, if they shall be advised and pay the costs within twenty days.